**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **JUAN RIOS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **LAKESHORE HOSPITALITY, INC., d/b/a** | ) |
| **CHICAGO LAKE SHORE HOTEL, HOTEL** | ) |
| **MANAGERS, INC. d/b/a BEST WESTERN** | ) |
| **and ROHIT PATEL, individually,** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

Plaintiff, Juan Rios, by and through his attorneys, Becerra Law Group, LLC, for his Complaint against Lakeshore Hospitality, Inc. d/b/a "Chicago Lake Shore Hotel," Hotel Managers, Inc. d/b/a "Best Western," and Rohit Patel, individually (herein "Defendants"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") for Defendants' failure to pay overtime wages to Plaintiff.

2. Plaintiff customarily worked in excess of 40 hours per week but was not paid overtime wages at the rate of one and a half times his regular rate of pay for all time worked in excess of 40 hours per week.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

1

4. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

5. Plaintiff Juan Rios resides and is domiciled in this judicial district.

6. Plaintiff Juan Rios is a former employee of Defendants who was employed by Defendants in this judicial district.

7. Plaintiff Juan Rios handled materials such as screw drivers and brooms that were not manufactured in the state of Illinois.

8. Plaintiff Juan Rios handled goods such as light bulbs that were not manufactured or produced in the state of Illinois.

9. During the course of his employment, Plaintiff Juan Rios handled good and materials that moved in interstate commerce.

10. During the course of his employment, Plaintiff Juan Rios performed non-exempt work.

11. Defendants Lakeshore Hospitality, Inc. and Hotel Managers, Inc. do business within this judicial district at 4900 South Lakeshore Drive in Chicago, Illinois.

12. Defendants Lakeshore Hospitality, Inc. and Hotel Managers, Inc. are an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

13. During the last three years Lakeshore Hospitality, Inc. and Hotel Managers, Inc. had annual gross volume of sales made or business done exceeded $500,000.00 exclusive of excise taxes.

14. Lakeshore Hospitality, Inc. and Hotel Managers, Inc. were Plaintiff's "employer(s)" as

that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

15. Defendant Rohit Patel is the Corporate President of Hotel Managers, Inc.

16. Defendant Rohit Patel is involved in the day-to-day business operations of both Lakeshore Hospitality, Inc. and Hotel Managers, Inc. and runs them like a single entity. Among other things, Defendant Rohit Patel has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, and the authority to make decisions regarding employee compensation and capital expenditures.

17. Defendant Rohit Patel was the Plaintiff's employer as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

**FACTUAL ALLEGATIONS**

18. Defendants operate two hotels located at 4900 South Lakeshore Drive in Chicago, Illinois under the names "Chicago Lake Shore Hotel" and "Best Western."

19. The hotels identified above operated as a unified operation and a common enterprise with a common business purpose.

20. The hotels shared management, supplies, and employees.

21. Plaintiff Juan Rios was employed by Defendants from August 2021 through April 23, 2023.

22. Plaintiff Juan Rios worked performing maintenance work at both hotels.

23. All of Plaintiff Rios's work was non-exempt.

24. Plaintiff Rios often worked 7 days a week and often worked more than 70 hours in a workweek.

25. For the two-week pay period starting on March 27, 2023 and ending April 9, 2023,

Plaintiff worked a total of 142 hours and 45 minutes. Attached hereto as Exhibit A is a printout from the time keeping system used by Defendants for the March 27, 2023 through April 9, 2023 time period.

26. Defendants paid Plaintiff for 80 hours with a check issued from Lakeshore Hospitality, Inc. and the remaining 62.75 hours were paid from a check issued by Hotel Managers, Inc. Attached as Exhibit B are the paystubs from Lakeshore Hospitality, Inc. and Hotel Managers, Inc for the March 27, 2023 through April 9, 2023 time period.

27. None of the hours worked in the two-week pay period starting on March 27, 2023 and ending April 9, 2023 were paid at a premium rate of one- and one-half times.

28. The timekeeping system used by Defendants listed that Plaintiff had worked 62 hours and 45 minutes of overtime during the time period listed above.

29. Despite the fact that the time keeping system used by Defendants listed overtime hours, Defendants paid Plaintiff with two checks and did not pay him time and a half for hours worked over 40.

## COUNT I
### Violation of the Fair Labor Standards Act - Overtime Wages

30. Plaintiff hereby realleges and incorporates paragraphs 1 through 29 of this Complaint, as if fully set forth herein.

31. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for Defendants' failure to pay overtime wages to Plaintiff.

32. Plaintiff worked for Defendants and was an "employee" of Defendants as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

33. Defendants were Plaintiff's "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

34. During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

35. Plaintiff was directed by Defendants to work, and did work, in excess of 40 hours per week.

36. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of 40 hours, he was entitled to be compensated at a rate of one and one-half times his regular rate of pay.

37. Defendants did not compensate Plaintiff at a rate of one and one-half times his regular rate for time they worked in excess of 40 hours in individual workweeks.

38. Defendants' failure to pay Plaintiff overtime wages for time worked in excess of 40 hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

39. Defendants' failure and refusal to pay overtime wages for time worked in excess of 40 hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

    A. A judgment in the amount of one and one-half times Plaintiff's regular rate for all time Plaintiff worked in excess of 40 hours per week;

    B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

    C. Reasonable attorney fees and costs incurred in filing this action; and

    D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages

40. Plaintiff hereby realleges and incorporates paragraphs 1 through 39 of this Complaint, as if fully set forth herein.

41. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

42. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

43. At all relevant times herein, Defendants were Plaintiff's "employer" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was Defendants' "employee" within the meaning of that Act.

44. During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

45. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of 40 hours, Plaintiff was entitled to be compensated at one and one-half times his regular rate for time worked in excess of 40 hours per week.

46. Defendants failed to pay Plaintiff one and one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

47. Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times his regular hourly rate of pay for all time worked in excess of 40 hours per week.

48. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover treble the amount of underpayment and damages in the amount of 5% per month of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiff's regular rate for all time Plaintiff worked in excess of 40 hours per week;

B. Damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorney fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

           Respectfully submitted,

Dated: May 12, 2023        **JUAN RIOS**

           By: /s/Carlos G. Becerra
            Attorney for Plaintiff

CARLOS G. BECERRA (ARDC #6285722)
Becerra Law Group, LLC
11 E. Adams St., Suite 1401
Chicago, Illinois 60603
Telephone: (312)753-6967
Facsimile: (888)826-5848
Email: cbecerra@becerralawgroup.com